IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50090
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAXIMILIANO GARCIA-AGUILAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1282-1-DB
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Maximiliano Garcia-Aguilar appeals the sentence imposed
following his guilty plea conviction of being found in the United
States after deportation in violation of 8 U.S.C. § 1326.
Garcia-Aguilar contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b)(2) define separate offenses.  He argues that the
aggravated felony conviction that resulted in his increased
sentence is an element of the offense under 8 U.S.C. § 1326(b)(2)
that should have been alleged in his indictment.  Garcia-Aguilar
maintains that he pleaded guilty to an indictment which charged

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

only simple reentry under 8 U.S.C. § 1326(a).  He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Garcia-Aguilar acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.